UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
FRANCISCO REYES, on behalf of himself and all other persons similarly situated,

Plaintiff,

-against-

BOHEMIA GARDEN CENTER, INC. and R.M.D. MANAGEMENT, INC.,

Defendants.
--------------------------------------------------------------------X

**COMPLAINT**

*FLSA Collective Action*

Plaintiff, FRANCISCO REYES ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his attorneys, the Romero Law Group PLLC, complaining of the Defendants, BOHEMIA GARDEN CENTER, INC. and R.M.D. MANAGEMENT, INC., alleges as follows:

## NATURE OF THE ACTION

1. Defendants, Bohemia Garden Center, Inc. and R.M.D. Management, Inc. are landscape contractors who employed Plaintiff and similarly situated persons as laborers. Plaintiff and putative plaintiffs regularly worked in excess of 40 hours per workweek but were paid less than one and one-half times their regular rate for hours worked after 40 hours per workweek in violation of both the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), and the New York Labor Law Articles 6 and 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

2. Plaintiff brings this action against Defendants to recover unpaid wages on behalf of himself and all individuals similarly situated under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), under the New York Labor Law Articles 6 and 19, § 650 et seq., and the

supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

**PARTIES**

6. At all times relevant, Plaintiff was an "employee" within the meaning of the FLSA and NYLL § 190(2).

7. Defendant, Bohemia Garden Center, Inc., is a domestic business corporation with a principal place of business located at 608 Johnson Avenue, Bohemia, New York 11716.

8. Defendant, Bohemia Garden Center, Inc., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d) and NYLL § 190(3).

9. Defendant, Bohemia Garden Center, Inc., was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. The Defendant's employees were engaged in landscape construction and maintenance and used tools, equipment and other materials which originated in other states.

10. Defendant, R.M.D. Management, Inc., is a domestic business corporation with a principal place of business located at 608 Johnson Avenue, Bohemia, New York 11716.

11. Defendant, R.M.D. Management, Inc., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d) and NYLL § 190(3).

12. Defendant, R.M.D. Management, Inc., was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. The Defendant's employees were engaged in landscape construction and maintenance and used tools, equipment and other materials which originated in other states.

13. Defendants engaged in related activities, shared a common business purpose, and carried out a single business enterprise for profit; shared equipment and material to provide construction services; pooled administrative resources, including legal, accounting, and payroll operations; shared common control of Plaintiff and the FLSA Collective Plaintiffs; used a centralized payroll for Plaintiff and the FLSA Collective Plaintiffs; applied uniform payroll practices and policies to Plaintiff and the FLSA Collective Plaintiffs; performed activities as a unified business to perform landscape construction work; and constituted a single enterprise.

## FACTUAL ALLEGATIONS

14. Plaintiff was employed by the Defendants as a laborer from in or April 2020, to in or about June 2025. Plaintiff was a non-exempt, hourly-paid employee.

15. Plaintiff regularly worked more than 40 hours per week. For example, during the pay period November 16, 2024 to November 22, 2024, Plaintiff worked a total of 64 hours; during the pay period March 8, 2025 to March 14, 2025, Plaintiff worked a total of 60 hours; and during the pay period April 26, 2025 to May 2, 2025, Plaintiff worked a total of 57 hours.

16. Defendants failed to pay Plaintiff premium overtime compensation for the hours that he worked after 40 hours in a workweek at a rate of at least one and one-half times his regular rate in violation of the FLSA and NYLL.

17. Defendants' failure to pay Plaintiff at a rate of at least one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek was willful.

18. Defendants failed to provide Plaintiff upon hire with written notice that accurately and expressly stated Plaintiff's regular rate of pay, overtime rate of pay, and other information required by NYLL § 195(1).

19. Defendants failed to provide Plaintiff with an accurate statement with every payment of wages listing, *inter alia,* the correct overtime rate of pay for hours worked in excess of 40 hours per workweek in violation of NYLL § 195(3).

20. Defendants' failure to properly state Plaintiff's regular rate and overtime rate upon hire, and failure to properly state Plaintiff's correct overtime rate of pay each pay period, prevented Plaintiff from knowing to what extent he had been underpaid and seeking payment for the precise amount of his unpaid wages.

21. As a result, Plaintiff was deprived of his income for longer than he would have been had he been able to timely raise his underpayment earlier. Plaintiff was unable to determine how much he had been underpaid throughout his employment. Plaintiff would have asserted his claim sooner if accurate statements had been provided.

22. Defendants' failure to provide accurate notices and statements not only denied Plaintiff the time-value of the underpayments he seeks to recover in this action, but also resulted in continued practice of paying Plaintiff less than one and one-half times his regular rate for hours that he worked after 40 hours per workweek.

**COLLECTIVE ACTION ALLEGATIONS**

23. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

24. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in in bringing this action.

25. Plaintiff seeks to proceed as a collective action with regard to the First Claim and Second Claim for Relief, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following similarly situated employees:

> All persons who are currently or have been employed by the Defendants as laborers and were not paid at the rate of one and one-half times their regular rate for hours worked after 40 hours in a workweek at any time during the three (3) years prior to the filing of their respective consent forms.

26. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b).

27. Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be

unable to secure compensation to which they are entitled and which have been unlawfully withheld from them by the Defendants.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT**

28. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

29. Defendants employed Plaintiff and FLSA Collective Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and FLSA Collective Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

30. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

31. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

32. As a result of Defendants' unlawful acts, Plaintiff and FLSA Collective Plaintiffs are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**NEW YORK LABOR LAW**

33. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

34. Defendants employed Plaintiff and FLSA Collective Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in

excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of NYLL.

35. By defendants' failure to pay Plaintiff and FLSA Collective Plaintiffs overtime wages for hours worked in excess of 40 hours per week, Defendants willfully violated the NYLL Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

36. Due to Defendants' violations of the NYLL, Plaintiff and FLSA Collective Plaintiffs are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE NOTICE

37. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

38. Defendants failed to provide Plaintiff upon hire with an accurate written of his regular rate of pay and overtime rate of pay in violation of NYLL 195(1).

39. Plaintiff is entitled to recover statutory damages from Defendants.

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE STATEMENTS

40. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

41. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing the correct overtime rate or rates of pay in violation of in violation of NYLL § 195(3).

42. Plaintiff is entitled to recover statutory damages from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Certification of a Collective Action pursuant to 29 U.S.C. § 216(b);

(ii) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

(iii) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL and the supporting New York State Department of Labor Regulations;

(iv) Unpaid wages, plus liquidated damages and pre- and post-Judgment interest pursuant to NYLL 198(1-a);

(v) Damages pursuant to NYLL § 198(1-a);

(vi) All attorneys' fees and costs incurred in prosecuting these claims; and

(vii) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
August 20, 2026

ROMERO LAW GROUP PLLC

By: */s/ Peter A. Romero*
______________________

Peter A. Romero, Esq.
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
(631) 257-5588
Promero@RomeroLawNY.com

*Attorneys for Plaintiff*